**Charles KELLEY, Plaintiff-Appellant,**

**v.**

**Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 84–7651
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 4, 1985.

flaws in the theories of recovery may become evident at a later date. *Arango,* 621 F.2d at 1381–82.

James C. Pino, Mitchell, Green, Pino & Medaris, Alabaster, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Mary P. Thornton, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Claimant/appellant Charles Kelley appeals from the Secretary's decision denying him Social Security disability benefits. He contends that he received inadequate notice of his right to counsel; was denied his right to a full and fair hearing before the administrative law judge (ALJ); and that the ALJ's decision is not supported by substantial evidence. We conclude that, under the circumstances of this case, appellant was not prejudiced by his lack of counsel or by the abbreviated hearing, and that substantial evidence on the record as a whole supports the Secretary's denial of benefits.

## I. FACTS

Appellant is a 36-year old high school graduate who formerly worked as a press-operator and a truck driver. It is undisputed that he suffers from two medical problems: a pulmonary disorder known as sarcoidosis, which results in shortness of breath upon overexertion; and a more serious cardiological disorder known as mitral valve prolapse. Kelley has not worked since 1982.

In September 1982, Kelley applied for and was denied disability benefits. He requested a hearing before an ALJ and, although he received a notice of his right to counsel, appeared for the hearing unrepresented and waived his right to counsel. The hearing before the ALJ was short (12 minutes, taking up 13 pages of transcript), and consisted of brief testimony by Kelley and by a vocational expert. At the conclusion of the hearing, the ALJ advised that he was going to decide against Kelley.

In his March 14, 1983, opinion denying disability, the ALJ found that appellant had a residual functional capacity to perform a full range of light work on a sustained basis; that appellant's complaints of pain were incredible and inconsistent with the medical evidence, insofar as they would prevent him from performing light work; and that under Rule 202.21 of "the grid," 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 2, appellant was not disabled. The ALJ noted that appellant appeared to be getting along well as long as he didn't physically overexert himself. The Health and Human Services appeals council denied appellant's request for review.

Kelley then commenced this action in district court. The district judge affirmed the Secretary's decision, and this appeal followed.

## II. DISCUSSION

### A. *Notice of Right to Counsel*

Appellant first contends that he received inadequate notice of his right to be represented by counsel at the administrative hearing, and that he did not waive his right

to counsel at the hearing.[1] We need not address these issues because of our determination, *infra*, that appellant was not prejudiced by lack of counsel. *See Smith v. Schweiker*, 677 F.2d 826, 829–30 (11th Cir.1982) (claimant must show prejudice from lack of counsel before court will find that hearing violated due process rights).

### B. *Right to Full and Fair Hearing*

██ When an unrepresented claimant unfamiliar with administrative hearing procedures appears before an ALJ, the ALJ is under an obligation to develop a full and fair record; *i.e.* the record must disclose that there has been a full and fair hearing. *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. Unit B 1981);[2] *Ware v. Schweiker*, 651 F.2d 408, 414 (5th Cir. Unit A 1981), *cert. denied*, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982). Appellant contends that he was not granted a full and fair hearing. He asserts that his abbreviated hearing was characterized by superficial questioning in which the ALJ failed to conscientiously inquire into and develop all salient facts regarding his medical problems and symptoms.

We agree that appellant's hearing was less than totally satisfactory. Questioning was somewhat brief and superficial, and the ALJ would have been recommended to inquire further into appellant's medical problems and physical capabilities.

██ However, a showing of prejudice must be made before we will find that a hearing violated claimant's rights of due process and requires a remand to the Secretary for reconsideration.[3] *Smith*, 677 F.2d at 829; *Ware*, 651 F.2d at 414. This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision. *See Smith*, 677 F.2d at 830 (relevant inquiry is whether the record reveals evidentiary gaps which result in unfairness or clear prejudice).

██ In the instant case there has been no showing of prejudice or unfairness resulting from appellant's lack of counsel or the abbreviated hearing. The assertion that appellant might have benefited from a more extensive hearing is pure speculation. Appellant makes no allegations that the record considered by the ALJ as a whole was incomplete or inadequate. The ALJ opinion was quite thorough, indicating that the entire record was considered. There is

---

1. The notice sent to Kelley did notify him of the possibility of obtaining free legal representation. However, it did not conform with the requirement stated in our earlier cases that the claimant be informed of the limitation of attorney's fees to 25% of any eventual award. *See Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir.1982); *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. Unit B 1981).

2. *Clark* indicates a slightly different standard for reviewing whether a claimant received a full and fair hearing depending on whether the unrepresented claimant effectively waived his right to representation. If there has been a waiver of right to counsel, claimant must show "clear prejudice or unfairness" caused by lack of counsel in order to prove that he was denied a full and fair hearing and is entitled to a remand to the Secretary. 652 F.2d at 404; *see Ware v. Schweiker*, 651 F.2d 408, 413–14 (5th Cir. Unit A 1981), *cert. denied*, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982). If right to counsel was not waived, the ALJ is under a "special duty" to develop a full and fair hearing by conscientiously probing into all relevant facts. *Clark*, 652

F.2d at 404; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981). "This special duty requires, essentially, a record which shows that the claimant was not prejudiced by lack of counsel." *Smith*, 677 F.2d at 829. However, under this standard, "we are not required to determine that the presence of counsel would necessarily have resulted in any specific benefits in the handling of the case before the ALJ." *Clark*, 652 F.2d at 404.

These two standards appear to differ only in degree. Both require that the ALJ fully develop the record. Both require a showing of prejudice to necessitate a remand to the Secretary for reconsideration. The only discernible difference is that a more specific showing of prejudice is required if claimant did not waive his right to counsel.

It is irrelevant which standard we apply in the present case because, under either standard, the record as a whole indicates that appellant was not prejudiced by his lack of counsel at the hearing. *See infra.*

3. *See supra*, note 2.

no allegation that the presence of an attorney or a more thorough hearing would have brought forth any additional evidence beneficial to appellant. In short, "the record as a whole reveals that no relevant facts, documents, or other evidence was omitted from the ALJ's consideration or his findings." *Smith,* 677 F.2d at 830.

### C. *Substantial Evidence*

Appellant's final contention is that the Secretary's decision denying disability is not supported by substantial evidence. We disagree.

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). This standard is satisfied here. The symptoms of appellant's disorders occurred only upon overexertion; and his two treating doctors were of the opinion that he could continue normal, nonexertional activities without pain or medications.[4] His sarcoidosis was found by Dr. Bradley to be asymptomatic and inactive, and his heart trouble was correctable through surgery. Two examining doctors felt that these disorders should not prevent Kelley from working; and in fact Kelley did work from 1976 through 1982. Two residual functional capacity assessments disclosed no physical incapacity that would prevent Kelley from doing light work. The ALJ found that the medical evidence was inconsistent with Kel-

4. Kelley's two treating doctors did express opinions (Dr. Bradley in 1974 and Dr. Mantle in 1982) that he was medically disabled and that it was inadvisable for him to work until his heart problem was corrected. These opinions, somewhat contradicted by the same doctors' indications that Kelley could continue normal activities, do not detract from the substantial evidence supporting the Secretary's decision.

5. We have formerly held that pain alone can be disabling, even when its existence is unsupported by objective medical evidence, if linked to a medically determinable impairment. *See e.g., Simpson v. Schweiker,* 691 F.2d 966, 970 (11th Cir.1982). However, Congress has statutorily changed the standard by implementing the Social Security Disability Benefits Reform Act

ley's allegations of pain.[5] Kelley's relatively young age and high school education would assist him in obtaining work, and the vocational expert testified that there was a host of light or sedentary jobs available for which Kelley would be qualified.

Accordingly, substantial evidence in the record as whole supports the judgment of the Secretary. We

AFFIRM.

of 1984, Pub.L. No. 98–460, § 3(a), 98 Stat. 1794, 1799 (1984) (to be codified at 42 U.S.C. § 423(d)(5)), which provides that, in order to find disability based on pain, subjective complaints of pain must be supported by objective medical evidence which could reasonably be expected to produce such pain. This standard applies to all determinations (made by an ALJ or a court on review) made prior to January 1, 1987, at which time Congress intends to set permanent standards for evaluating pain. *Id.* at § 3(a) and (b); *see* S.Rep. No. 466, 98th Cong., 2d Sess. 3, 23–24 (1984). The ALJ applied the correct standard in evaluating appellant's allegations of pain, determining that the complaints of pain were incredible and inconsistent with the medical evidence.