[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11485
Non-Argument Calendar

_____

D. C. Docket No. 07-00585-CV-J-HTS

JOAN NEWBERGER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 11, 2008)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Joan Newberger appeals the district court's order, which affirmed the

administrative law judge's ("ALJ") denial of Newberger's request for a waiver of the recovery of the overpayment of Supplemental Security Income ("SSI") benefits. After review, we affirm.[1]

## I. BACKGROUND

The Social Security Administration ("SSA") stopped Newberger's SSI payments after it learned that Newberger was married to James Poole from 2000 to 2005 and had been involved in a pet grooming business with her husband. Newberger requested a hearing and a waiver of the SSA's recovery of overpayments she had received.

A social security claimant who requests a waiver of recovery of an overpayment of benefits must provide information to support her claim that she is "without fault in causing the overpayment" and that recovery would either defeat the purpose of Title II of the Social Security Act or be against equity and good conscience. 20 C.F.R. § 404.506(a), (c).

### A. Hearing Before ALJ

An attorney, Erik Berger, originally filed Newberger's request for a waiver, but then withdrew from representing her one month later on October 24, 2005.

---

[1] We review whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).

Newberger then filed her own request for a waiver and had still not retained an attorney by the time of the February 16, 2006 hearing on her waiver request.

At the hearing on her waiver request, the ALJ discussed with Newberger the fact that she was unrepresented. The ALJ pointed out that in the notice of the hearing there was information advising her that she could have her attorney represent her at the hearing. When the ALJ asked Newberger whether she wished to proceed without a lawyer, Newberger responded, "Yeah. I couldn't get anybody to, to do it." The ALJ stated, "Long as we have it clear that you wish to proceed without that representation at this time, I will continue with the hearing."

Newberger testified that she did not realize she was married to Poole until she received a letter from the SSA informing her so. Newberger explained that she and Poole obtained a marriage application only so that Newberger's ex-husband would "think [she] was married because when [they] did the restraining order, the judge said that Mr. Poole couldn't stay in [her] house and [Poole] has to be there because [her] ex was beating [her]." Newberger first testified that Poole did not live with her and later stated that she rented a room from Poole.

Newberger stated that she volunteered at Poole's grooming shop and was not paid any money. She used Poole's company car, but only to run personal errands. Newberger testified that it cost Poole $850 each month to take care of her because

3

she was unable to bathe or care for herself.

Poole testified that he and Newberger were married between 2000 and 2005 to protect Newberger from her ex-husband and that Poole and Newberger both presently resided in the same house. Poole stated that Newberger volunteered at his pet grooming business by caring for the animals and waiting on customers. In response to the ALJ's questions, Poole testified about his financial situation, providing the values of his commercial lots and the gross income for his pet grooming business. Poole stated that he was the only person named on his financial accounts and that he did not list anyone as a beneficiary on his accounts.

Joan Vannest Scott, a friend of Newberger, testified that Poole helped Newberger as a caretaker and that Newberger needed her SSI benefits because she did not have enough money for food and medicine.

In addition, Newberger submitted evidence, including, inter alia, Newberger's and Poole's January 13, 2000 marriage application; the July 8, 2005 final judgment dissolving their marriage; two protective orders issued against Newberger's first husband, Dan Snodgrass, due to domestic violence, the second of which stated that Poole was "not to occupy the house"; a letter from Poole stating that Newberger paid him $575 a month to manage her monthly bills and medical expenses; and some of Poole's tax documents.

4

The ALJ denied Newberger's request for a waiver of the recovery of the overpayment. The ALJ found that Newberger had marital assets in excess of $2,000 while married to Poole, was overpaid $33,948 in SSI during that time, and was at fault in causing the overpayment because she failed to report her marriage to Poole. The ALJ also concluded that Newberger had worked "in a proprietary fashion" at Poole's pet grooming business and that her "purported divorce [from Poole] . . . was in response to the demand for recovery of the overpayment."

## B. District Court Action

Newberger, represented by counsel, filed this action in federal court seeking review of the ALJ's determination that she was at fault for the overpayment and denial of her waiver request. Newberger asserted that the ALJ had failed to illicit a knowing and intelligent waiver of her right to representation. After consenting to a magistrate judge exercising jurisdiction, the magistrate judge issued an order affirming the ALJ's determination. The magistrate judge concluded that Newberger had not knowingly and intelligently waived her statutory right to counsel. However, the magistrate judge also determined Newberger had not shown that the ALJ lacked any relevant evidence or failed to consider the evidence and thus Newberger had not shown the requisite prejudice.

Newberger filed this appeal.

5

## II. DISCUSSION

On appeal, Newberger does not challenge the merits of the ALJ's determination, but rather argues that she did not receive a full and fair hearing because she did not effectively waive her right to representation.

Under 42 U.S.C. § 406, the Commissioner of Social Security is required to "notify each claimant in writing . . . of the options for obtaining attorneys to represent individuals in presenting their cases before the Commissioner of Social Security. Such notification shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge." 42 U.S.C. § 406(c).[2] This Court has recognized that "[a] Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Where a claimant has not been adequately informed of her statutory right, however, her waiver is not "knowingly and intelligently" made. Smith v. Schweiker, 667 F.2d 826, 828 (11th Cir. 1982). "The deprivation of the statutory right to counsel at a Social Security hearing is a statutory wrong, not a constitutional wrong." Graham, 122 F.3d at 1422.

"When the right to representation has not been waived, . . . '[the ALJ's]

_____

[2]The provisions of § 406, which address old age, survivors and disability insurance, also apply to SSI. See 42 U.S.C. § 1383(d).

6

obligation to develop a full and fair record rises to a special duty,'" which

"'requires, essentially, a record which shows that the claimant was not prejudiced

by lack of counsel.'" Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (quoting

Smith, 677 F.2d at 829). This standard does not require us "to determine that the

presence of counsel would necessarily have resulted in any specific benefits in the

handling of the case before the ALJ." Id. at 935 (quotation marks omitted).

However, "there must be a showing of prejudice before we will find that the

claimant's right to due process has been violated to such a degree that the case

must be remanded to the Secretary for further development of the record." Id.; see

also Kelley v. Heckler, 761 F.2d 1538, 1540 n.2 (11th Cir. 1985) (explaining that

regardless of whether a claimant waived her right to counsel, the claimant must

show prejudice to obtain a remand).

Prejudice "at least requires a showing that the ALJ did not have all of the

relevant evidence before him in the record (which would include relevant

testimony from claimant), or that the ALJ did not consider all of the evidence in

the record in reaching his decision." Kelley, 761 F.2d at 1540. "The court should

be guided by whether the record reveals evidentiary gaps which result in unfairness

or 'clear prejudice.'" Graham, 129 F.3d at 1423 (quoting Brown, 44 F.3d at 935).

There is no showing of prejudice when a claimant makes no allegation that the

7

record was incomplete or inadequate or that the ALJ's opinion was not thorough. See Kelley, 761 F.2d at 1540.

Here, even assuming arguendo Newberger did not knowingly and intelligently waive her right to counsel, she has not shown prejudice. The ALJ inquired into Newberger's marriage to and divorce from Poole, her living and employment history and Poole's finances. The record the ALJ developed shows that Newberger was married to Poole from 2000 to 2005, that she failed to report her marriage to the SSA and that Poole's resources exceeded the $2,000 limit.

Newberger makes only a bare assertion of prejudice. She does not allege that the ALJ did not fulfill his obligation to develop a full and fair record, that the record was in any way incomplete or inaccurate or that the presence of an attorney, or a more thorough hearing, would have resulted in additional evidence beneficial to Newberger's case. Because Newberger has not shown prejudice, remand to the SSA is not appropriate, and we cannot say the magistrate judge erred in affirming the ALJ's decision.

**AFFIRMED.**

8