[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10390
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2010
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00389-GRJ

MELISSA A. COVEN,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 29, 2010)

Before DUBINA, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant Melissa A. Coven appeals the district court's order affirming the Commissioner's denial of her application for supplemental social security income ("SSI"), 42 U.S.C. § 1383(c)(3), based on her alleged disability due to a back problem, bladder and cervix problems, degeneration of her spine and narrowing of the discs, high blood pressure, and asthma. On appeal, Coven argues that the Administrative Law Judge ("ALJ") reversibly erred in failing to elicit a knowing and intelligent waiver of her right to representation. In addition, Coven argues that the ALJ erred in failing to develop the administrative record adequately because he did not obtain mental-health records related to her alleged suicide attempt.

I.

Coven first argues that the ALJ committed reversible error by failing to elicit from her a knowing and intelligent waiver of her right to representation. Coven does not dispute, however, that she received three notices collectively advising her that she had a right to representation, could obtain free representation, and could not be assessed a fee for representation absent the Commissioner's approval. She also does not dispute that she executed a written waiver of her right to representation during the administrative hearing after the ALJ reminded her that she could obtain representation.

We review a Commissioner's decision to determine whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

We have recognized that "[a] Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Pursuant to 42 U.S.C. § 406, the Commissioner of Social Security is required to "notify each claimant in writing, . . . of the options for obtaining [attorney representation] in presenting their cases before the Commissioner of Social Security . . . [and] of the availability to qualifying claimants of legal services organizations which provide legal services free of charge." 42 U.S.C. § 406(c); *see* 42 U.S.C. § 1383(d) (stating that the provisions of § 406, which address old age, survivors and disability insurance, also apply to SSI). Where a claimant has not been adequately informed of her statutory right, however, her waiver is not "knowingly and intelligently" made. *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir.1982) (stating that "[a] claimant cannot knowingly and intelligently waive [her] statutory right to counsel when [she] is not adequately informed of it either in a prehearing notice or at [her] hearing"). "The deprivation of the statutory right to counsel at a Social Security hearing is a statutory wrong, not a constitutional wrong." *Graham*, 129 F.3d

3

at 1422.

We conclude from the record that the ALJ did not err because the record shows that Coven was advised of, and understood, her right to representation and knowingly and voluntarily waived that right. Accordingly, we affirm as to this issue.

## II.

Coven next argues that the ALJ failed to satisfy his duty to "scrupulously and conscientiously probe into" the relevant facts surrounding her alleged suicide attempt. To this end, she states that she testified during the administrative hearing on January 9, 2007, that in October 2006, she was taken to, and stayed for 12 hours at, a mental health center after her mother contacted the police and reported that Coven had attempted to commit suicide.

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham*, 129 F.3d at 1422. However, if the right to counsel has not been waived, the ALJ is under a "special duty" to develop a full and fair record by conscientiously probing into all relevant facts. *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). This special duty "requires, essentially, a record which shows that the claimant was not prejudiced by lack of counsel," but not that "the presence of counsel would

4

necessarily have resulted in any specific benefits in the handling of the case before the ALJ." *Id.* (internal quotation marks omitted). Regardless of whether the claimant has waived her right to representation, "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Id.*; *see Kelley v. Heckler*, 761 F.2d 1538, 1540 n.2 (11th Cir. 1985) (noting that "a more specific showing of prejudice" is required when the right to counsel has not been waived).

Prejudice "at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley*, 761 F.2d at 1540. "The court should be guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Graham*, 129 F.3d at 1423 (internal quotation marks omitted). "The lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits." *See Brown*, 44 F.3d at 935-36 (holding that prejudice existed when the ALJ failed to obtain treatment records about which the claimant testified, agreed to get a rehabilitation report, but failed to do so, and failed to question an available witness after the claimant had "great difficulty" explaining how her

ailments prevented her from working); *but see Kelley*, 761 F.2d at 1540-41 (holding that the claimant failed to show prejudice where he made no allegations that the record as a whole was incomplete or that additional favorable evidence would have been offered and the ALJ's opinion was "quite thorough").

We conclude from the record that the ALJ did not fail to develop the administrative record adequately because the ALJ thoroughly inquired into the circumstances surrounding Coven's alleged suicide attempt, the incident was unrelated to Coven's claimed inability to work, and the record contained sufficient information for the ALJ to make an informed decision. Accordingly, we affirm as to this issue.

## III.

For the aforementioned reasons, we affirm the district court's order affirming the Commissioner's denial of Coven's application for SSI benefits.

**AFFIRMED.**