**Gricel BETANCOURT, Plaintiff**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant.**

**Civil Action No. 09–30204–KPN.**

United States District Court,
D. Massachusetts.

Jan. 21, 2011.

---

Richard C. Roth, Law Office of Richard C. Roth, Springfield, MA, for Plaintiff.

Rayford A. Farquhar, United States Attorney's Office, Boston, MA, Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Defendant.

*MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS and DEFENDANT'S MOTION FOR ORDER AFFIRMING DECISION OF THE COMMISSIONER (Document Nos. 15 and 18)*

NEIMAN, United States Magistrate Judge.

This is an action for judicial review of a final decision by the Commissioner of the

Social Security Administration ("Commissioner") regarding an individual's entitlement to Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3). Gricel Betancourt ("Plaintiff") asserts that the Commissioner's decision denying her such benefits—memorialized in a June 24, 2009 decision of an administrative law judge—is not based on substantial evidence of record and is predicated upon errors of law; in particular, she raises important due process questions concerning the administrative law judge's actions in this case. Plaintiff has filed a motion for judgment on the pleadings seeking to reverse or, in the alternative, to remand the decision, and the Commissioner, in turn, has moved to affirm.

The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73. For the following reasons, the court will allow Plaintiff's motion for judgment on the pleadings, insofar as it seeks a remand, and deny the Commissioner's motion to affirm. Moreover, for reasons outlined below, the court will order that remand proceedings take place before a different administrative law judge.

## I. STANDARD OF REVIEW

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir.1981). The Supreme Court has defined substantial evidence as "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir.1991) (citation and internal quotation marks omitted).

The resolution of conflicts in evidence and the determination of credibility are for the Commissioner, not for doctors or the courts. *Rodriguez*, 647 F.2d at 222; *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir.1987). A denial of benefits, however, will not be upheld if there has been an error of law in the evaluation of a particular claim. *See Manso–Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir.1996). In the end, the court maintains the power, in appropriate circumstances, "to enter ... a judgment affirming, modifying, or reversing the [Commissioner's] decision" or to "remand [ ] the cause for a rehearing." 42 U.S.C. § 405(g).

## II. BACKGROUND

Since the parties are familiar with the pertinent facts, only a brief outline is required. Plaintiff filed for SSI and SSDI benefits on January 25, 2007, and September 3, 2008, respectively, with a disability onset date of November 9, 2006.[1] (Administrative Record ("A.R.") at 10 n. 4.) At the time, Plaintiff claimed that she was

---

1. In Plaintiff's applications, she claimed an onset date of April 1, 2003. (A.R. at 7.) However, she was employed until November 9, 2006, and testified that she was only unable to work after that date. Moreover, a field office worker recommended moving Plain- tiff's onset date to November of 2006 (A.R. at 183), which is what the administrative law judge did, setting the purported onset date at November 9, 2006 (A.R. at 10 n. 4). Regardless, for present purposes, the exact onset date is immaterial.

disabled due to certain physical impairments (degenerative spine condition resulting in four damaged discs, back spasms, and severe back pain) as well as other mental impairments (bipolar disorder and depression). (A.R. at 190.) After Plaintiff's claim was denied both initially and upon reconsideration, she requested a hearing in front of an administrative law judge (hereinafter "the ALJ"), which hearing was held on May 6, 2009. (A.R. at 7.)

At the hearing—the beginning of which is discussed more fully below—Plaintiff, then forty-four, testified that her physical and mental impairments began around November of 2006 and were ongoing, "progressive" and "degenerative." (A.R. at 41.) Plaintiff testified that she had a high school diploma and three years of college, although no college degree. (A.R. at 28–29.) She also testified that she had previously worked for ten years as a human service representative for the Federal Emergency Management Administration, until she was laid off in November of 2006. (A.R. at 29.) Although she has attempted to work since being laid off, she testified that her mental and physical limitations have precluded her from working for more than two weeks since that date. (A.R. at 61–62.)

In his decision dated July 24, 2009, the ALJ denied Plaintiff's claim. (A.R. at 4–12.) Although the ALJ found that Plaintiff suffered from severe impairments—including osteoarthritis of the right knee, myofascial pain syndrome, fibromyalgia, bipolar disorder, and anxiety—he determined that she was capable of performing her past relevant work as a claims clerk. (A.R. 10, 17.) On October 5, 2009, the Commissioner's Decision Review Board informed the Plaintiff that it had taken no action on the ALJ's decision, thereby making that decision final. (A.R. at 1–3.) In due course, Plaintiff filed this civil action, the Commissioner compiled the administrative record, and the parties submitted the cross-motions currently at issue.

### III. DISCUSSION

■ An individual is entitled to SSDI benefits if, among other things, she has an insured status and, prior to the expiration of that status, was under a disability. 42 U.S.C. § 423(a)(1)(A) and (D). SSI benefits, on the other hand, require a showing of both disability and financial need. *See* 42 U.S.C. § 1381a. Plaintiff's need, for purposes of SSI, and insured status, for purposes of SSDI, are not challenged. For the following reasons, however, the court finds that the ALJ made a legal error in deciding that Plaintiff was not disabled and, as a result, will order a remand.

### A. *Disability Standard and the ALJ's Decision*

The Act defines disability, in part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). An individual is considered disabled under the Act

only if [her] physical and mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for [her], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. § 423(d)(2)(A). *See generally Bowen v. Yuckert*, 482 U.S. 137, 146–49, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

First, is the claimant currently employed? If [s]he is, the claimant is automatically considered not disabled.

Second, does the claimant have a severe impairment? A "severe impairment" means an impairment "which significantly limits the claimant's physical or mental capacity to perform basic work-related functions." If [s]he does not have an impairment of at least this degree of severity, [s]he is automatically not disabled.

Third, does the claimant have an impairment equivalent to a specific list of impairments in the regulations' Appendix 1? If the claimant has an impairment of so serious a degree of severity, the claimant is automatically found disabled.
. . . .

Fourth . . . does the claimant's impairment prevent [her] from performing work of the sort [s]he has done in the past? If not, [s]he is not disabled. If so, the agency asks the fifth question. Fifth, does the claimant's impairment prevent [her] from performing other work of the sort found in the economy? If so [s]he is disabled; if not [s]he is not disabled.

*Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6–7 (1st Cir.1982).

In the instant case, the ALJ found as follows with respect to these questions: Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability (question one); her "severe" impairments were osteoarthritis of the right knee, myofascial pain syndrome, fibromyalgia, bipolar disorder, and anxiety (question two); these impairments did not meet or medically equal one of the listed impairments in Appendix 1 (question three) through the date Plaintiff was last insured; and Plaintiff was capable of performing her past relevant work as a claims clerk (question four). (A.R. at 10–17.) As a result, the ALJ, without reaching question five, concluded that Plaintiff did not suffer from a disability. (A.R. at 18.)

**B. *Plaintiff's Challenge to the ALJ's Decision***

Plaintiff makes four arguments challenging the ALJ's decision. Plaintiff's first three arguments are evidentiary, *i.e.*, that the ALJ failed to consider her morbid obesity a "severe impairment," give proper weight to the opinions of her treating sources, and properly consider the Social Security regulations and the "*Avery* factors" in making a credibility determination. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Avery v. Sec'y of Health & Human Servs.*, 797 F.2d 19 (1st Cir.1986). Plaintiff's fourth argument is procedural, *i.e.*, that the ALJ engaged in an "off the record" discussion at the outset of the hearing and, hence, violated her due process rights. The court finds Plaintiff's due process argument sufficient to warrant remand before a different administrative law judge and, accordingly, finds it unnecessary to consider her evidentiary arguments.

■ As Plaintiff notes, the regulations require an administrative law judge to compile a "complete record", *see* 20 C.F.R. § 404.951, and failure to do so is a violation of due process. *See, e.g., Roy v. Sec'y of Health & Human Servs.*, 512 F.Supp. 1245, 1252 (C.D.Ill.1981) ("The administrative record must represent a full and fair hearing of the claim for disability in order to comply with the basic requirements of fairness and procedural due process.") (citing, *inter alia, Richardson*, 402 U.S. at 401–02, 91 S.Ct. 1420). Similarly, the Social Security Hearings Appeals and Litigation Law manual, often referred to as the

"HALLEX" manual, indicates the following:

> [The administrative law judge] must make a complete record of the hearing proceedings. Therefore, the ALJ or designee will make a *verbatim record of the entire hearing.* If a question arises during the course of a hearing *which is not relevant* to the issue in the claimant's case, the ALJ may decide to discuss and resolve it off-the-record. However, the ALJ *must summarize on the record the content and conclusion of any off-the-record discussion.*

HALLEX, I–2–640, RECORD OF THE HEARING (emphasis added). In short, there is a firmly-established obligation on an administrative law judge to make a "complete record" or, at the very least, "summarize on the record the content and conclusion of any off-the-record discussion" about something that is "not relevant." *Id.*

▮ Here, the ALJ violated both the regulations and the HALLEX manual as the Administrative Record does not sufficiently reflect—let alone summarize—the off-the-record discussion that occurred between Plaintiff and the ALJ. In particular, the hearing transcript begins as follows:

> ALJ: ... [W]e're here ready for a hearing today. Now, before I go any further, Mr. Cullinan [Plaintiff's attorney], you said your client is upset about something?
> ATTY: I—Judge, I haven't—
> ALJ: Anything I should know about?
> ATTY: No. Regarding the proposal that we talked about earlier.
> ALJ: Uh-huh.
> ATTY: And she doesn't really I think—although she would love to—her testimony will be that she would love to be working that she—in her words to me she would love to wake up in the morning and—
> ALJ: She—

> ATTY:—be herself.
> ALJ:—shouldn't—she shouldn't accept anything she doesn't want to accept, and she feels it's in her interest to have a full hearing then by all means she's entitled to one and that's what we'll give her.
> ATTY: And I just want to be clear from her—
> ALJ: Let me explain to you, Ms. Betancourt ..., what's been taking place. Every case I have when I hear a case with an attorney I like to speak to the attorney beforehand to discuss with them what issues we need to concentrate on, what issues we can put aside and that aren't as important, and if it appears appropriate to me whether or not there's any possibility that the case can be taken care of without a full hearing.

(A.R. at 22–23.) As is obvious, contrary to the directives of the regulations and the HALLEX manual, the record does not reflect what was discussed off the record prior to the hearing regarding a "proposal" Plaintiff apparently felt pressured to "accept" in lieu of "a full hearing."

Granted, the HALLEX manual, as indicated. allows for *irrelevant* off-the-record discussions. Here, however, the transcript clearly indicates that the pre-hearing discussions involved substantive matters that were directly related to Plaintiff's case, *e.g.,* whether or not she wanted to receive a "full hearing." Indeed, as quoted above, the ALJ appears to make a practice of discussing relevant matters off the record prior to the recorded hearing. (See also Pl.'s Reply Brief (Doc. No. 20), Exs. 3 and 4.) In this regard, the ALJ continued, in pertinent part, as follows:

> ALJ: ... *[O]ne proposal that we were considering was whether or not it was in your interest to receive a closed period of benefits.* That means where you would testify and indicate that you were disabled for a certain period of time but

not past that point. In other words, as of now you're able to work at least some job. Maybe not what you can do in the past, maybe what you can do in the past. I don't know. But at some job that would be consistent with the condition that you're in. So that was what I presume he and you were discussing. *Now, if that's not acceptable to you then your alternatives are to have a hearing . . . .*

(A.R. at 23–24 (emphasis added).) Needless to say, this summary reveals discussions of issues which were clearly relevant to the case, *i.e.,* Plaintiff's eligibility for benefits. Plaintiff was offered a closed period of benefits, akin to a settlement, although the transcript does not indicate what the precise offer was or what was said that caused Plaintiff to be "upset" at the commencement of the transcribed hearing.

To be sure, Defendant argues that an off-the-record discussion violates due process only if it "prejudices" a plaintiff's claim in some way, *e.g.,* if it is clear that the administrative law judge decided the case without having all of the relevant evidence made a part of the record. *Kelley v. Heckler,* 761 F.2d 1538, 1540 (11th Cir.1985). That, however, is not what the regulations require. Yet, even if such a standard applies, it is clear the ALJ violated that standard here. Simply put, under any standard, such substantive off-the-record discussions regarding the possibility of settlement and whether or not a hearing, or "full hearing," is warranted would amount to an error of law.

Defendant also argues that, given what is revealed in the record, the ALJ was merely trying to determine if Plaintiff's case could be resolved without a hearing, an approach Defendant asserts is permissible pursuant to 20 C.F.R. § 404.948. That regulation, however, simply states that "[i]f the evidence in the hearing record supports a finding in favor of [the claimant] on every issue, the [ALJ] may issue a hearing decision based on a preponderance of the evidence without holding an oral hearing." 20 C.F.R. § 404.948. That was not the situation here. At bottom, the hearing held in this case violated Plaintiff's due process rights; hence, a remand will be ordered.

### IV. CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings, to the extent it seeks a remand, is ALLOWED, the Commissioner's cross-motion to affirm is DENIED, and this matter is RE-MANDED to a different administrative law judge for further proceedings. In addition, Defendant shall serve the original administrative law judge with a copy of this memorandum and order.

IT IS SO ORDERED.