[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14391
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-61098-RNS

FAZEELA MCCABE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 12, 2016)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Fazeela McCabe, a recipient of disability benefits, appeals the district court's order affirming the Social Security Administration's ("SSA") denial of her request for a repayment waiver under 42 U.S.C. § 404(b).  The SSA found that McCabe was overpaid disability benefits during a period when she engaged in substantial work without notifying the agency, and for that reason it sought repayment of the benefits from McCabe.  On appeal, McCabe argues that she was without fault in causing the benefit overpayment because she did report her work to the SSA, and thus repayment of the benefits should be waived.  McCabe also claims that her due process rights were violated at the hearing before the Administrative Law Judge ("ALJ").  After careful consideration, we affirm.

## I.

Our review is limited in social security cases.  See 42 U.S.C. § 405(g).  "We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (quotation omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id. (quotation omitted).  We may not reweigh the evidence or decide facts for ourselves—the Commissioner's decision deserves deference "even if the proof

2

preponderates against it." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quotation omitted).

II.

A.    Fault

To qualify for disability benefits, a claimant cannot be engaged in "substantial gainful activity"—regardless of her medical condition, age, education, or work experience. 20 C.F.R. § 404.1520(b). Substantial gainful activity is work that involves performing "significant physical or mental activities" for pay, even if the work is only on a part-time basis. Id. § 404.1572. Every year, the SSA announces a new threshold for substantial gainful activity. See Social Security Administration, Substantial Gainful Activity, available at https://www.ssa.gov/oact/cola/sga.html. The parties do not dispute that McCabe engaged in substantial gainful activity during the relevant period.

The Commissioner shall recover overpayments of benefits whenever more than the correct amount has been paid. 42 U.S.C. § 1383(b)(1)(A). However, recovery of an overpayment may be waived if: (1) the claimant is "without fault"; and (2) recovery would "defeat the purpose of this subchapter or would be against equity and good conscience." Id. § 404(b)(1). The claimant bears the burden of proving that she was without fault in the overpayment of benefits. Viehman v. Schweiker, 679 F.2d 223, 227 (11th Cir. 1982). Even if the SSA was partially at

fault for the overpayment, that fact does not shield the claimant from liability for repayment if she is not without fault.  20 C.F.R. § 404.507.  Fault can be shown, for example, where the overpayment of benefits results from the claimant's failure to provide information she knew or should have known was material.  Id. § 404.507(b).  The determination of whether a claimant is without fault is highly subjective, as it depends on the claimant's state of mind and individual circumstances.  See Jefferson v. Bowen, 794 F.2d 631, 633 (11th Cir. 1986).

Substantial evidence supports the ALJ's determination that McCabe knew of her obligations and responsibilities in receiving benefits, particularly her duty to inform the SSA of her work activity.  First, the ALJ properly applied the subjective standard by noting that McCabe had spoken clearly, appeared quite intelligent, and seemed able to understand how disability benefits were administered.  See id.; 42 U.S.C. § 404(b)(2).  Second, the administrative record shows that McCabe was on notice of her duty to report her work to the SSA, as she filed two forms in 1999 and 2000 that advised her of this duty and warned her of the potential consequences of failing to comply.  Other correspondence between McCabe and the SSA also reminded her of her duty to report.  Finally, McCabe appears to have actually reported some of her work to the SSA.

Substantial evidence also supports the Appeals Council's determination that McCabe was not without fault in causing the overpayment because she did not

4

report her work to the SSA between June 2008 and December 2010.  McCabe

argued to the Appeals Council that she did report her work during this period by

phone, through a program called AAA Takecharge, which assists recipients of

disability benefits in returning to work.  However, McCabe did not identify any

record evidence showing that she reported her work during the relevant period, and

the Appeals Council found that the record did not contain any such evidence.  We

conclude that the Appeals Council's determination was proper.  Unlike other times

when McCabe reported her work to the SSA, the record contains no confirmations

of work reporting during the relevant period.  Also, McCabe's own timeline of

events, in which she thoroughly documented her interactions with the SSA, does

not contain any reference to her reporting work to the SSA during the relevant

period.  Thus, the Appeals Council's implicit rejection of McCabe's claim that she

did report her work during the relevant period is not due to be overturned on

appeal.[1]  See Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983) (per

curiam) ("[T]his circuit does not require an explicit finding as to credibility . . .

[but] the implication must be obvious to the reviewing court.").  Substantial

evidence supports the finding that McCabe failed to carry her burden of proving

she was without fault in causing the overpayment.

---

[1] On appeal, McCabe argues that her work reporting at other times should be viewed as competing evidence of her credibility.  However, "[t]he substantial evidence standard limits the reviewing court from deciding the facts anew, making credibility determinations, or re-weighing the evidence."  Stone & Webster Constr., Inc. v. U.S. Dep't of Labor, 684 F.3d 1127, 1133 (11th Cir. 2012) (quotation omitted).

B.     Due Process

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) (quotation omitted). There must be a showing of prejudice before we will determine that a social security claimant's due process rights have been violated to such a degree that the case must be remanded to the Commissioner for development of the record. Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam). Even where a hearing "was less than totally satisfactory," prejudice is not shown unless the ALJ did not have all the relevant evidence before him or did not consider the evidence in reaching his decision. Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam). A claimant cannot show prejudice by speculating that she would have benefitted from a more comprehensive hearing. See id.

McCabe argues that her due process rights were violated because: (1) she did not receive an opportunity to examine the record before her hearing, which violated the SSA's Hearings, Appeals, and Litigation Law Manual ("HALLEX");[2] (2) there were omissions in the record; and (3) the hearing was short. We conclude that although the ALJ's hearing may have been less than completely satisfactory, its shortcomings did not prejudice McCabe so as to require a remand. See id.

---

[2] See Social Security Administration, HALLEX: Hearings, Appeals, and Litigation Law Manual, available at https://www.ssa.gov/OP_Home/hallex/hallex.html.

First, McCabe claims that the ALJ violated HALLEX by not giving her an opportunity to review the record before the hearing. HALLEX states that the claimant has the right to examine all material in her claims file. HALLEX § I-2-1-35, 1993 WL 642972. This Court has not decided whether HALLEX carries the force of law. Cf. George v. Astrue, 338 F. App'x 803, 805 (11th Cir. 2009) (per curiam) (unpublished) (calling the assumption that HALLEX carries the force of law "a very big assumption"). Even assuming (without deciding) that HALLEX carries the force of law and the agency failed to comply with it, McCabe has not shown that she was prejudiced by this failure. McCabe speculates that she would have benefitted from reviewing the record because she would have been "better prepared to respond to the allegations that she had not reported work." However, McCabe knew the agency's position regarding her failure to report work long before the hearing, and she had already sent and received a great deal of correspondence about the matter. In fact, McCabe prepared a detailed letter and chronology in anticipation of the hearing, describing the dispute as well as citing specific dates and documents. McCabe's assertion that she would have benefited from being provided the record in accord with HALLEX is "pure speculation." Kelley, 761 F.2d at 1540.

Second, McCabe claims there were omissions in the record. These omissions do not seem to have been material to the issue presented. For example,

7

McCabe notes that a fax was missing the transmittal page.  But a fax transmittal page does not contain any material information.  See HALLEX § I-2-1-15(A), 1993 WL 642954 (stating that hearing office staff will not propose as exhibits "transmittal forms or route slips").  McCabe lists other exhibits that were allegedly omitted from the administrative record.  Several of these alleged omissions actually appear in the administrative record.  The remaining alleged omissions are irrelevant to the issue here: for instance, letters from the SSA informing McCabe of routine benefit increases, papers related to McCabe's son or deceased husband, and work reports that are duplicative of information in the administrative record.  The ALJ had the relevant evidence before him, so any alleged omissions did not rise to the level of prejudicing McCabe.  See Kelley, 761 F.2d at 1540.

Finally, McCabe argues that the hearing before the ALJ was short, and the ALJ stopped her from reading a letter she had prepared.  The hearing lasted 11 minutes, and the ALJ interrupted McCabe's reading of the letter because he already had a copy of a similar letter from McCabe.  The ALJ did, however, accept the new letter into evidence along with other documents that McCabe presented at the hearing.  As in Kelley, we observe that the hearing may have been "less than totally satisfactory."  761 F.2d at 1540.  But that fact alone is not enough—the claimant must also show prejudice.  See id. at 1540–41.  McCabe does not say how a longer hearing would have benefitted her, nor does it appear that the ALJ failed

to consider McCabe's letter.  For these reasons, we do not find that McCabe was prejudiced, and therefore remand is unnecessary.  See Brown, 44 F.3d at 935.

**AFFIRMED.**