Robert L. SMITH, Plaintiff-Appellant,

v.

Richard SCHWEIKER, Secretary of Health and Human Services for the United States, Defendant-Appellee.

No. 81–7453.

United States Court of Appeals, Eleventh Circuit.

June 4, 1982.

Rehearing Denied July 30, 1982.

Sullins & Robins, Thomas A. Robins, Huntsville, Ala., for plaintiff-appellant.

Herbert J. Lewis, III, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, MERRITT * and HENDERSON, Circuit Judges.

MERRITT, Circuit Judge:

Claimant Smith, 48, appeals his denial of Social Security disability benefits by the Secretary and affirmed by the District Court. He asserts that the decision is not based on substantial evidence, especially in light of prejudice suffered due to his lack of counsel during the hearing before the Administrative Law Judge (ALJ) and the failure of his prehearing notice to adequately inform him of his statutory rights to coun-

---

* The Honorable Gilbert S. Merritt, U.S. Circuit Judge for the Sixth Circuit, sitting by designa-    tion.

sel. Although we agree that the notice was inadequate and that Smith did not waive his right to counsel, we nevertheless affirm on the grounds that the ALJ met the burden of a "special duty" placed on him under such circumstances and that there is substantial evidence on the record as a whole to support the denial of benefits.

Claimant Smith's work record primarily consists of general labor jobs. He went to school through the sixth grade, but completed military schooling to the equivalent of tenth grade.

In February 1977, he injured his back and legs by lifting a heavy pallet during his regular employment. Mr. Smith could not return to his former job, which required strenuous physical activity, because of back pain. He was diagnosed as having thrombophlebitis of the left lower extremity and lumbar disc syndrome. Because he did not respond to usual, conservative methods of treatment, Smith was referred to a specialist and admitted to a hospital for tests. Bed rest and medication during his nine-day hospital stay improved his condition and a lumbar myelogram revealed no cervical defects. About a month after his discharge, the specialist reported that Mr. Smith had recovered satisfactorily from the lumbar strain. As for his capacity to work, his specialist noted:

> I do feel that he should avoid heavy lifting in his line of work and he leads me to believe that there is something that he can do, which would not involve heavy lifting.

Record, p. 182.

However, claimant continued to visit his treating physician on a nearly bi-monthly basis for two years and received medication for back pain.

In August 1978, Mr. Smith filed a disability claim. He was referred to a neurosurgeon for a consultative examination. The examination revealed minimal osteoarthritis of the lumbosacral spine, but all other tests showed a normal spine and movement. The claim was denied initially and upon reconsideration and claimant requested an administrative hearing. Benefits were denied by the ALJ after the hearing, and that denial was affirmed by the Secretary and District Court. Mr. Smith now appeals to our Court.

■ Mr. Smith claims that he was prejudiced by lack of counsel at his hearing. Since he had a statutory right to counsel under 42 U.S.C. § 406, effectuated by 20 C.F.R. § 404.971, we must inquire as to why no counsel was present. The Secretary has a duty to notify a claimant of his or her right to counsel before the hearing. *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981); *Clark v. Schweiker*, 652 F.2d 399 (5th Cir. 1981). The notice in this situation was substantially the same as that analyzed in *Clark, supra*, and its companion case, *Benson v. Schweiker*, 652 F.2d 406 (5th Cir. 1981). For the reasons stated in those cases, we find the notice in the present case was inadequate to fully inform Mr. Smith of his representation rights.

■ A person may waive his right to counsel in Social Security hearings. *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981). Even if the notice, as in this case, was inadequate, a claimant may express a desire at the hearing not to be represented by an attorney. But it is equally clear that such a waiver must establish, at some point, that the claimant is "properly apprised of his options concerning representation" to be effective. *Peppers v. Schweiker*, 654 F.2d 369, 371 (5th Cir. 1981). A claimant cannot knowingly and intelligently waive his statutory right to counsel when he is not adequately informed of it either in a prehearing notice or at his hearing.

The Secretary argues that the following colloquy constituted Mr. Smith's waiver of counsel:

> Adm. Law Judge: "You're present at this hearing, not being represented by an attorney, nor did you bring any witnesses. In the Notice of Hearing which I sent to you, you were advised, were you not, that you had a right to have an attorney if you wanted to, but you didn't have to? You could represent yourself."

Claimant (Smith): "Yes, sir. I understood it."

Adm. Law Judge: "Alright. And you decided to represent yourself?"

Claimant: "Well, yes, sir."

Adm. Law Judge: "Alright. You may do so."

■ Mr. Smith understood only what the inadequate notice stated: that he did have a right to counsel. The flaw in these notices is their failure to inform the claimant fully as to the possibility of free counsel and limitations on attorney fees to 25% of any eventual award. *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981). Since there is no indication that he was ever informed fully of his rights, we cannot presume that Mr. Smith's comment was the expression of his desire to represent himself, or that such a desire was the reason for his appearing pro se.

■ Our inquiry does not end here, however, since Mr. Smith must show prejudice before we will find that the hearing violated his rights of due process. When a claimant who has not waived his right to counsel represents himself in a hearing, the hearing examiner's obligation to develop a full and fair record rises to a special duty. This special duty requires, essentially, a record which shows that the claimant was not prejudiced by lack of counsel. *Cowart, supra*, at 735. In carrying out this duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* at 735 (cites omitted). But "[t]he social security hearing examiner ... does not act as counsel. He acts as an examiner charged with developing the facts." *McConnell v. Schweiker*, 655 F.2d 604, 606 (5th Cir. 1981), *quoting Richardson v. Perales*, 402 U.S. 389, 410, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The record, viewed as a whole, shows that the ALJ fulfilled his duty to develop all of the relevant facts of the case, including those in favor of Mr. Smith's disability claim.

Initially, we note that the hearing lasted for one hour and twenty-five minutes, far longer than the thirty, thirty-five, and fifty-one minute hearings reversed in the *Clark* trilogy.

At the beginning of the hearing, the ALJ explained the procedures of the hearing to Mr. Smith and delineated the specific issues to be considered. Several times during the hearing he tested the claimant's understanding of the social security benefit structure by having him explain them in his own words. *See record*, pp. 24–25; 67–68. Claimant was questioned extensively as to the extent and severity of his pain and the amount of lifting, walking, standing, and sitting he could perform. All medical reports were reviewed with the claimant, and the findings of the physicians were tested against Mr. Smith's own memory of the success of various treatments and the extent of his residual capacities for movement.

To test further the extent of his residual capacity, the ALJ questioned Mr. Smith on several specific jobs, explaining in detail the intellectual as well as physical requirements of each. A vocational expert was called as a witness and Mr. Smith was told:

Adm. Law Judge: We have with us Mr. —Dr. Ben Johnston, who's vocationally trained. I'll qualify him. I'll ask him some questions. You think of questions you want to ask, and you ask him some when I get through. Is that okay with you?

Record, p. 69. During the questioning, Mr. Smith broke into the testimony to clarify or dispute the vocational expert's testimony. Record, pp. 70, 74, 76.

Moreover, the ALJ went beyond the claims offered by the claimant in support of disability and questioned him extensively to determine if he might have a drinking problem. *Record*, pp. 50–52; 59–60.

The ALJ's eight-page memorandum and findings of fact analyzes the issues, applicable law, and the evidence in careful detail. Far from ignoring the claimant's testimony concerning pain, the ALJ discusses the importance of pain in any disability consideration, and especially the extent to which Mr. Smith relies on allegations of pain. Record,

pp. 11, 12. But he also notes claimant's own testimony that the pain is "intermittent and not continuous" and medical evidence that his condition responds to conservative treatment. Record, pp. 12–13.

The ALJ also relies on the claimant's own forthright testimony that he probably could perform certain sedentary jobs, but he had little motivation to take one since by doing so he would automatically lose workmen's compensation benefits. Record, pp. 9–10; 83–84.

■ At no point can we find that Mr. Smith was prejudiced by his lack of counsel. Social Security administrative hearing proceedings are non-adversarial and informal in nature. 20 C.F.R. § 404.900(b) (1981); *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981). We are concerned not so much with whether every question was asked which might have been asked had Smith been represented by an attorney, as we are with whether the record reveals evidentiary gaps which result in unfairness or "clear prejudice." *Ware, supra*, at 413. Claimant's proffer of prejudice amounts to no more than speculations on ways in which an attorney could have bolstered his credibility before the ALJ. Although it is true, as the claimant asserts, that an attorney may have qualified some of the ALJ's questions, the record as a whole reveals that no relevant facts, documents, or other evidence were omitted from the ALJ's consideration or his findings.

Nor do we find any fault with the ALJ's assessment of the medical evidence, credibility findings of pain, failure to make findings on the issue of alcoholism, or questioning of the vocational expert. As discussed by the District Court, the medical evidence is conflicting as to the extent of the claimant's disabilities and there is adequate evidence to support a finding that Mr. Smith could perform sedentary work. The vocational expert, who heard all of the testimony up to the time he took the stand, specified several jobs, available in the area, which a man with Mr. Smith's limited physical abilities could perform. The hypothetical questions properly considered Mr.

Smith's inability to perform hard labor and limited education, and were based in part on Smith's own testimony that he could lift up to ten pounds several times a day.

Finally, there was no need for the ALJ or the District Court to make specific findings on the issue of alcoholism since there was absolutely no evidence that Mr. Smith was addicted to alcohol or that alcohol interfered with his ability to work. Neither his medical nor work records nor testimony revealed any indication of addiction and the claimant never asserted such as a disability.

Accordingly, substantial evidence in the record as a whole supports the judgment of the District Court and we affirm.