Linda **DESROSIERS**, Plaintiff–Appellant,

v.

Michael **ASTRUE**, Commissioner of Social Security Administration,* Defendant–Appellee.

No. 06–5056–cv.

United States Court of Appeals, Second Circuit.

April 23, 2008.

* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Commissioner of Social Security Michael Astrue is automatically substituted for former Commissioner of Social Security Jo Anne Barnhart as the defendant-appellee in this case.

Robert I. Paterno, Pepe & Hazard, LLP, Hartford, CT, for Appellant.

Ann M. Nevins, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, of counsel), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, Bridgeport, CT, for Appellee.

PRESENT: Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.**

## SUMMARY ORDER

Plaintiff–Appellant, Linda Desrosiers, appeals from a judgment of the United States District Court for the District of Connecticut affirming the determination of an Administrative Law Judge ("ALJ") that Desrosiers (1) received adequate notice of her right to counsel and had knowingly and voluntarily waived that right, and (2) was ineligible for disability insurance benefits under the Social Security Act because she had not proven that her disability existed on or before June 30, 1981, her date last insured. We assume the parties' familiarity with the facts and procedural history of this case, and the scope of the issues presented by this appeal.

Although a claimant does not have a constitutional right to counsel at a social security disability hearing, she does have a statutory and regulatory right to counsel. 42 U.S.C. § 406; 20 C.F.R. § 404.1705. When notifying a claimant of an adverse determination, the Commissioner of Social Security (or his or her agent for these purposes) must therefore "notify [the] claimant in writing" of (1) her "options for obtaining [an] attorney[ ] to represent [her]" at her hearing, and (2) "the availability ... [of] organizations which provide legal services free of charge" to "qualifying claimants." 42 U.S.C. § 406(c); *see also* 20 C.F.R. § 404.1706. At the hearing itself, "the ALJ [also] must ensure that the claimant is aware of [her] right [to counsel]." *Robinson v. Sec'y of Health & Human Servs.*, 733 F.2d 255, 257 (2d Cir. 1984).

Desrosiers was notified of her right to counsel before her hearing in a manner that complied with the statutory and regulatory requirements of 42 U.S.C. § 406(c) and 20 C.F.R. §§ 404.1705 and 404.1706. She was also informed of this right by the ALJ. Nonetheless, Desrosiers asks us to conclude that notice of her right to counsel was inadequate because it did not comply with the heightened notice standard used by the Fifth, Seventh, and Eleventh Circuits. This standard requires that a claimant be informed of "the limitation on attorney fees to 25 percent of past due benefits" as set forth in 42 U.S.C. § 406(b)(1)(A). *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir.1994); *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir.1982); *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir.1981).

Unlike in *Binion, Clark,* and *Smith,* however, nothing in the record of this case indicates that Desrosiers's failure to obtain counsel was related to her inability to pay.

---

** The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

76

Indeed, the hearing transcript indicates that Desrosiers's inability to retain an attorney was a function of the weakness of the merits of her case. We therefore conclude that Desrosiers did receive adequate notice of her right to counsel and did knowingly and voluntarily elect to proceed *pro se.*

Having so concluded, we neither consider whether Desrosiers was prejudiced by her lack of counsel, nor her suggestion that an invalid waiver of the right to counsel is *per se* reversible error.

Finally, we note that, under different circumstances, the failure to inform Desrosiers of the attorney fees cap might have led to reversal of the ALJ's decision. It seems to us that it would have been better practice for the agency and the ALJ to inform her of this provision.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.