[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11204
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-02514-MAP

JOSE JAVIER PACHECO MIRANDA,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 21, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Javier Pacheco Miranda appeals pro se the judgment that affirmed the denial of his application for disability insurance benefits and supplemental security income from the Social Security Administration. 42 U.S.C. §§ 405(g), 1383(c)(3). Pacheco argues that the administrative law judge (1) erroneously failed to give controlling weight to statements of Pacheco's treating psychiatrist, H. Botros-Mikhail, that Pacheco's major depression disorder prevents him from working; (2) failed to consider Pacheco's back pain, high blood pressure, or side effects of his medication in assessing his residual functional capacity; and (3) denied him due process. We affirm.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "'Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Id. (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). That review "precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

Substantial evidence supports the decision to discount Botros-Mikhail's statement in April 2007 that Pacheco's depression disorder rendered him unable to

2

handle job-related stress or interact socially. Botros-Mikhail's statement, which was made in a form used to request food stamps, is inconsistent with his medical notes about Pacheco's mental condition, the opinions of other doctors who evaluated Pacheco, and Pacheco's testimony. Id. at 1212; Edwards v. Sullivan, 937 F.2d 580, 583–84 (11th Cir. 1991). Botros-Mikhail recorded in his March, April, and June 2007 medical notes that Pacheco's depression had subsided with medication. In November 2007, Gerald Mussenden, a psychologist, opined that Pacheco was "emotionally stable," could recall and complete tasks, could interact socially, and did not suffer from any neurological problems. And Pacheco testified that he interacted four to five days a week with his minister and members of his church, he contacted people regularly to request transportation to appointments, and he cooked, cleaned, shopped, and managed his finances. The administrative law judge had "good cause" to reject Botros-Mikhail's April 2007 statement. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).

Pacheco argues that his case should be remanded for the administrative law judge to consider six new exhibits, but Pacheco fails to establish that the exhibits are "noncumulative" or are "material such that a reasonable possibility exists that the new evidence would change the administrative result," Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998). Two letters and two verification forms prepared

3

by Botros-Mikhail are cumulative of evidence already in the record that Pacheco suffers from depression disorder, and the attorney letter and police report do not contain information material to his eligibility for benefits.

The decision of the administrative law judge reflects that he considered all of the medical evidence in determining Pacheco's residual functional capacity. Pacheco argues that the decision failed to account for an injury to his lower back, but the administrative law judge found that Pacheco suffered degenerative lumbar disc disease with chronic back pain, 20 C.F.R. § 416.920(a)(4)(ii), (c), and was limited to sedentary work with restrictions on weight and mobility. That finding is consistent with the medical records of a treating physician, Emma Ocampo, that by April 2005 Pacheco did not require any pain medication for his back and could walk on his heels and with the reports issued by two examiners in March 2006 and a physical therapist in May 2006 that Pacheco was falsely "magnifying" his pain.

Pacheco also argues that the administrative law judge decision failed to account for three other conditions, but Pacheco failed to present any medical evidence that these alleged conditions limited his ability to work. Pacheco contends that he suffers from high cholesterol, but the only evidence of that condition is a self-report that Pacheco made to an emergency room physician. Pacheco contends that he has high blood pressure, but Dr. Ocampo recorded in

April 2007 that Pacheco's blood pressure had returned to normal. Pacheco also complains about the side effects of anti-depression medication, but in May 2007, five months after he began taking the medication, Dr. Botros-Mikhail recorded that Pacheco did not report any side effects.

The administrative law judge did not violate Pacheco's right to due process. Pacheco was represented at his hearing, and "the record as a whole reveals that no relevant facts, documents, or other evidence were omitted from . . . consideration [by] or [in the] findings" of the administrative law judge. Smith v. Schweiker, 677 F.2d 826, 830 (11th Cir. 1982). Pacheco submitted numerous records from physicians about his physical and mental conditions, and the hypothetical questions that the administrative law judge posed to the vocational expert revealed that he had considered Pacheco's medical records as well as his testimony about his ailments. When the vocational expert stated that Pacheco would likely have to satisfy a "pace" requirement to work as a sorter, the administrative law judge referred Pacheco to a psychologist for further evaluation. Pacheco received a full and fair hearing before the administrative law judge.

The denial of Pacheco's application for benefits is **AFFIRMED**.