[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15169
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-01957-LSC

LARA POLK,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 9, 2014)

Before PRYOR, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lara Polk, through counsel, appeals the district court's affirmance of the

Social Security Administration Commissioner's ("Commissioner") denial of her

application for disability insurance benefits and supplemental security income (collectively, "disability benefits" or "benefits"), as well as the denial of her post-judgment motions, filed pursuant to Rules 59(e) and 60(b), Fed. R. Civ. P.  We lack jurisdiction to review the underlying denial of benefits, and, after careful review, we affirm the denial of the post-judgment motions.

## I.

Polk, a 43-year-old female, applied for disability benefits in December 2009. She claimed to suffer from, among other things, severe panic attacks, fibromyalgia, irritable bowel syndrome, endometriosis, asthma, and a history of cervical cancer, and she alleged a disability-onset date of August 1, 2008.  The Commissioner initially denied her application.  In April 2011, Polk appeared without counsel at a hearing before an Administrative Law Judge ("ALJ").

In addition to two physical evaluations, the ALJ had Polk undergo two psychological evaluations before issuing a written decision.  In the first evaluation, performed by Dr. Robert Storjohann before the ALJ hearing, Dr. Storjohann diagnosed Polk with generalized anxiety disorder that was unlikely to improve in the near future, and concluded that she had moderate deficits in her ability to understand, carry out, and remember instructions, and marked deficits in her ability to respond appropriately to co-workers, supervisors, and other work pressures.

After the hearing, the ALJ referred Polk to Dr. Dana Davis for a second

2

psychological evaluation, completed in July 2011.  In contrast to Dr. Storjohann, Dr. Davis diagnosed Polk as having somatization disorder, which according to her is characterized by vague medical issues—such as pain, gastric distress, and other physical symptoms—that increase with stress.   Dr. Davis explained that individuals with a similar diagnostic profile often "make excessive use of denial, projection, and rationalization, and they prefer medical explanations for their symptoms."

Months after the hearing, the ALJ issued a written decision concluding that Polk was not disabled and, therefore, did not qualify for benefits.  In reaching this conclusion, the ALJ considered the somewhat conflicting psychological evaluations of Dr. Storjohann and Dr. Davis, but accorded greater weight to Dr. Davis's evaluation because it was, in the ALJ's opinion, more consistent with Polk's self-described activities and treatment records.  The Appeals Council denied Polk's request for administrative review in May 2012.

## II.

Polk filed a counseled complaint in the district court challenging the ALJ's decision as unsupported by substantial evidence.  With the assistance of counsel, Polk obtained a new psychological evaluation in June 2012 from Dr. David Wilson, who concluded that Polk "would have difficulty maintaining any type of job" because she suffered from, among other things, panic and depressive

disorders, low-average intelligence, fibromyalgia, irritable bowel syndrome, and arthritis. Based on Dr. Wilson's evaluation, which generally was consistent with Dr. Storjohann's evaluation, Polk moved to remand her claim to the Commissioner pursuant to "sentence six" of 42 U.S.C. § 405(g).[1]

On August 9, 2013, the district court affirmed the Commissioner's decision and denied Polk's motion for remand. More than 28 days later, on September 9, 2013, Polk filed a Rule 59(e) motion to alter the court's order, in which she (a) complained that she was denied the right to representation before the ALJ, and (b) renewed her request for a remand based on Dr. Wilson's evaluation. The Commissioner objected to the Rule 59(e) motion on the basis that it was untimely, but also addressed the merits of the motion. Polk later acknowledged that the Rule 59(e) motion was untimely and asked the court to construe the motion as alternatively filed pursuant to Rule 60.

Several days after the Rule 59(e) motion, Polk filed a Rule 60(b) motion for relief, once again urging the district court to reconsider its final order and remand her claim to the Commissioner. This time, however, she relied on a second report prepared by Dr. Wilson in September 2013, which purported to resolve the conflict between Dr. Storjohann's and Dr. Davis's evaluations. In this report, Dr. Wilson

---

[1] A "sentence-six" remand allows a federal court to remand an application to the Commissioner when the claimant submits evidence for the first time to the court that might have changed the outcome of the administrative proceeding. *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2, 113 S. Ct 2625 (1993).

concluded that Dr. Storjohann's report was "more accurate and comprehensive."

The district court denied both of Polk's post-judgment motions in a single order entered on October 28, 2013.  First, the court denied her Rule 59(e) motion as time-barred.  Alternatively, the court found that the motion failed on the merits because her ineffective-waiver-of-representation claim was improperly raised for the first time in a post-judgment motion, was belied by the record, and failed to include a showing of prejudice.  Moreover, the court found that Dr. Wilson's June 2012 evaluation was not "material," and therefore did not merit a sentence-six remand.  Second, the court denied Polk's Rule 60(b) motion because she had not exercised due diligence in obtaining Dr. Wilson's September 2013 report.  This appeal followed.

## III.

We first address our jurisdiction over this appeal.  A motions panel of this Court dismissed this appeal in part for lack of jurisdiction to review the underlying judgment affirming the Commissioner's denial of benefits and denying Polk's motion for a remand based on Dr. Wilson's June 2012 evaluation.  We see no reason to disturb this ruling.  Polk's Rule 59(e) motion was not filed within 28 days of the judgment, and so did not postpone the time to appeal, and Polk did not timely file a notice of appeal within 60 days of the judgment.  *See Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010) (untimely motions

5

under Rules 59(e) and 60 do not toll the appeal period); Fed. R. App. P. 4(a)(1)(B), (4). Accordingly, we lack jurisdiction to review the district court's August 9, 2013 judgment.

Nevertheless, we retain limited jurisdiction under 28 U.S.C. § 1291 to review the denial of Polk's post-judgment motions, which we address below. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010).

## IV.

Polk argues that the district court erred in denying her Rule 59(e) motion because she was denied the statutory right to counsel at her administrative hearing. In addition, she asserts, the district court should have remanded her benefits claim based on Dr. Wilson's June 2012 evaluation. Polk also contends that the district court abused its discretion in denying her Rule 60(b) motion based on Dr. Wilson's September 2013 report.

We review the denial of a post-judgment motion under Rules 59(e) or 60(b) for an abuse of discretion. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1318 (11th Cir. 2013) (Rule 59(e)); *Am. Bankers Ins. Co. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) (Rule 60(b)).

## A.

Notably, Polk does not dispute the district court's alternative denial of her Rule 59(e) motion as time-barred. *See* Fed. R. Civ. P. 59(e) (Rule 59(e) motion

6

must be filed within 28 days of judgment).  To obtain reversal of a district court order that is based on multiple, independent grounds—as was the case here—an appellant "must convince us that *every* stated ground for the judgment against him is incorrect."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (emphasis added).  Accordingly, if one of the independent grounds is not challenged, "it follows that the judgment is due to be affirmed."  *Id.*  Because Polk does not challenge the court's timeliness finding, the order denying her Rule 59(e) motion is due to be affirmed.  Moreover, Polk does not challenge the finding that her ineffective-waiver argument was not properly raised for the first time in a Rule 59(e) motion.  *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e) motion cannot be used to raise an argument that could have been raised before entry of judgment).

In any case, we discern no abuse of discretion in the district court's denial of the motion on the merits.[2]  First, the court properly found that Polk had effectively waived her right to counsel.  A Social Security claimant has a statutory right to be represented at a hearing before an ALJ.  42 U.S.C. § 406; *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  The right of representation may be waived,

---

[2]  Arguably the district court lacked authority to address the merits of the motion under Rule 59(e), given that the Commissioner objected to the timeliness of the motion. *See Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010). Nevertheless, the Commissioner also addressed the merits of the motion, and untimely Rule 59(e) motions may be construed as motions for relief under Rule 60(b). *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003).

provided that the claimant is "properly apprised" of her representation options, including the possibility of free counsel and limitations on attorney's fees to twenty-five percent of any eventual award. *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982). The ALJ in this case explained to Polk her right to be represented at the hearing, the possibility of free counsel, and the applicable limitations on attorney's fees, and Polk confirmed that she understood her right and wished to continue with the hearing. Our review of the record does not show that Polk failed to understand the nature of her right or the effect of continuing without representation, notwithstanding that she suffered from anxiety at the time.

Second, even assuming Polk did not effectively waive her right to counsel, we agree with the district court that Polk has not shown "clear prejudice" or "unfairness," such that the lack of counsel led to a denial of a full and fair hearing. *See Graham*, 129 F.3d at 1422-23; *Smith*, 677 F.2d at 829. When a claimant has not waived the right to counsel, the ALJ has a heightened duty to develop the record fully and fairly. *Id.* In this case, Polk underwent two physical evaluations and two psychological evaluations at the ALJ's request, and the ALJ solicited testimony from Polk on her ailments at the hearing. The only deficiency Polk has identified is that Dr. Wilson's June 2012 psychological evaluation was not before

the ALJ or the Appeals Council.[3]    However, Polk admits that Dr. Wilson's evaluation only substantiated Dr. Storjohann's evaluation, and therefore it did not fill an evidentiary gap so much as bolster the credibility of evidence already in the record.  *See Smith*, 677 F.2d at 830 (relevant inquiry is "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice'").    Polk's subjective expectation that she "had every reason to believe she would be awarded disability benefits without the need of an attorney representative," without more, is speculative and insufficient to show prejudice.

Finally, because we lack jurisdiction to review the district court's underlying order denying Polk's motion for a sentence-six remand based on Dr. Wilson's evaluation, Polk cannot obtain review of that same issue through an appeal from the denial of a post-judgment motion.  *See Am. Bankers Ins. Co.*, 198 F.3d at 1338.

**B.**

Rule 60(b) permits relief from a final judgment based on, among other things, "newly discovered evidence."  *See* Fed. R. Civ. P. 60(b)(2).  To obtain relief based on newly discovered evidence, a movant must show, among other things, that she exercised due diligence to discover the new evidence.  *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

---

[3]  We decline to consider Polk's argument that the ALJ should not have ordered the second evaluation from Dr. Davis because Polk raised the argument for the first time in her reply brief.  *Sapuppo*, 739 F.3d at 682-83.

9

We agree with the district court that Polk did not establish that she exercised due diligence in securing Dr. Wilson's September 2013 report. *See id.* Dr. Wilson's first evaluation was prepared in June 2012, before the district court issued its final order. Yet, Polk offered no good reason in her Rule 60(b) motion—and does not do so now—why Dr. Wilson was not able to review and comment on Dr. Davis's July 2011 evaluation at an earlier time. The purported need for Dr. Wilson's commentary arose well before the district court entered judgment in this case. Consequently, the district court did not abuse its discretion in denying her Rule 60(b) motion. *See id.*

## V.

In sum, we lack jurisdiction to review the underlying judgment affirming the denial of disability benefits and denying Polk's motion for a sentence-six remand, and we affirm the district court's denial of Polk's post-judgment motions.

**AFFIRMED.**