[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12826
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-02038-RDP

PATRICIA REYNOLDS,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 10, 2017)

Before TJOFLAT, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Patricia Reynolds appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability benefits, pursuant to 42 U.S.C. § 405(g).  Reynolds -- who was unrepresented at her hearing before the administrative law judge ("ALJ") -- contends she made no knowing and informed waiver of her right to representation.  Her contention is based on her limited education, anxiety, medication, and the ALJ's failure to notify her orally at her hearing that her lawyer's fee would be capped.  No reversible error has been shown; we affirm.

Our review of a Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).

We have recognized that "[a] Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  The Commissioner has a duty to notify a claimant in writing about "the options for obtaining" a lawyer, including "the availability to qualifying claimants of legal service organizations which provide legal services free of charge."  42 U.S.C. § 406(c).  If a claimant is not informed adequately of her right -- either in a prehearing notice or at the

2

hearing -- "a claimant cannot knowingly and intelligently waive [her] statutory right to counsel." Smith v. Schweiker, 677 F.2d 826, 828 (11th Cir. 1982). An adequate explanation of the right to counsel includes information about the "possibility of free counsel and limitations on attorney fees to 25% of any eventual award." Id. at 829.

We first address whether Reynolds received adequate notice of her right to representation. Together with a letter explaining the ALJ hearing process, Reynolds was sent a written notice of her right to representation at the ALJ hearing. In pertinent part, the notice explained that (1) Reynolds had a right to have a lawyer represent her at the ALJ hearing; (2) for her protection, a lawyer's fee amount needed the ALJ's approval; and (3) the ALJ usually approved fee amounts up to the lesser of 25% of an eventual award or $6,000. The notice also provided Reynolds with a list of organizations that could help her find a lawyer or that could provide free legal services if she qualified.

Reynolds then signed a written waiver of her right to representation. The waiver form explained again that Reynolds had a right to be represented at the ALJ hearing, that the ALJ must approve a lawyer's fee, and that the fee could not exceed 25% of a past-due-benefits award. Reynolds checked boxes on the waiver form noting that she was able to read and understand the information in the waiver, had no questions, understood her right to representation, understood the benefits

3

and disadvantages of representation, understood how a representative would be paid, and wished to proceed without representation.

At the hearing, the ALJ again notified Reynolds of her right to representation.  Then, Reynolds testified that she understood her rights and that she wished to waive her right to representation.  Although the ALJ failed to explain expressly that a lawyer's fee would be capped at 25% of a past-due-benefits award, Reynolds had already twice been notified in writing about the limitations placed on a lawyer's fee.  On this record, Reynolds received adequate notice of her right to representation.

Reynolds also contends that her 11th-grade education, anxiety, and Xanax usage rendered her waiver ineffective.  Nothing evidences, however, that Reynolds was unable to understand or read English, or that she otherwise lacked the mental capacity to understand the significance of the waiver.  Because substantial evidence supports the ALJ's determination that Reynolds waived "knowingly and intelligently" her right to representation at the ALJ hearing, we affirm.

AFFIRMED.

4