[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11557
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-02964-MSS-CPT


STEVEN R. THOMAS, II,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 29, 2020)

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.


PER CURIAM:

In October 2005, Steven Thomas applied for disability insurance benefits and supplemental security income, and the Social Security Administration issued a disability determination in December of that year. But disabilities can cease, and the SSA found that Thomas's ended by December 2014. Because Thomas disagrees with the finding of the ALJ and the district court's affirmation of the Commissioner's decision, he now appears before us, arguing that how the ALJ reached his decision was flawed. And because Thomas has not shown that he was prejudiced by any alleged flaws, we affirm.

I.

Though Thomas alleged that his disabling condition rendered him unable to work in 2003, it was not until 2005 when he submitted an application for disability insurance benefits (DIB) and supplemental security income (SSI). His application was received favorably, and before 2005 ended the SSA released a determination that Thomas was disabled, and that his disability started in October of 2005. Thomas received a primary diagnosis of "organic mental disorder," and a secondary diagnosis of "personality disorder." His disability was found to be effective as of October 2005, and he received benefits as a result.

But a finding of a disability is not permanent. Rather, under 20 C.F.R. §§ 404.1594 and 416.994, "continued entitlement to [disability] benefits must be reviewed periodically." That review is conducted in steps, outlined in the agency's regulations, and following those steps leads to a finding that the disability is continuing or that the disability has ceased. For purposes of Thomas's appeal, we are only concerned with the step where a claimant's characteristics are considered

2

in determining whether he can perform work other than what he did in the past.  20 C.F.R. §§ 404.1594(f)(8), 416.994(b)(5)(vii).  If he can, he is no longer disabled; if he cannot, his disability continues.

The first periodic review of Thomas's disability was in 2011, and there he was found to still be disabled.  Not so in 2015; the SSA found that his disability had ceased as of December 2014.  That prompted his request for a hearing by an ALJ.  But when Thomas appeared before the ALJ at the disability hearing, he was unrepresented; the ALJ offered a postponement of the hearing so that Thomas could find representation, and Thomas accepted.

Finally, in April 2017, the hearing resumed before a different ALJ.  But Thomas still did not have a representative; in Thomas's words, it was because "they wanted like a cut, like a back payment cut."  During the lengthy back-and-forth, when the ALJ asked if Thomas wanted to proceed with the hearing anyway, the response was "I guess so."  The ALJ ended up stating, "I'll find the claimant elects to proceed at this time without representation."  At some point that same day, Thomas signed a waiver of his right to representation.

And the crucial part of the hearing came at the end.  After verifying with the vocational expert that the expert's resume in the file was accurate and that he understood his role as an impartial witness, the ALJ proffered to the vocational expert a hypothetical claimant with Thomas's characteristics.  The vocational expert responded with three possible jobs for such a hypothetical claimant: a job as a parts inspector, for which there were over 135,000 jobs; a job as a hand sander, for which there were over 3,500 jobs; and a job as a shipping and weighing

3

receiver, for which there were over 29,000 jobs.  The hearing concluded shortly thereafter, without Thomas cross-examining the vocational expert.  Based on the expert's testimony, the ALJ issued his decision, in which he found that Thomas's disability ended in December 2014.

Thomas requested that the Appeals Council review the ALJ's decision, but the Council "found no reason" under its rules to do so.  So Thomas went to court, and filed his complaint in the United States District Court for the Middle District of Florida.  Before the district court, Thomas alleged that the ALJ failed to develop an adequate record.  More specifically, he argued that the ALJ had a "special duty" to develop a record because Thomas was unrepresented, that the ALJ did not properly question the vocational expert, and that the ALJ did not give Thomas an opportunity to cross-examine the vocational expert himself.  Thomas requested either reversal of the decision below or, in the alternative, a remand for a new hearing.

The report and recommendation from the magistrate judge disagreed.  As an initial matter, the magistrate judge found that Thomas was not owed a special duty to develop the record.  Next, the magistrate judge found unconvincing any of Thomas's arguments that the testimony elicited from the vocational expert was insufficient.  And finally, the magistrate judge found that, in any event, Thomas failed to show prejudice from any of the ALJ's alleged failings.  After reviewing Thomas's objections, the report and recommendation was adopted by the district court.  Thomas now appeals that decision.

II.

4

Our review of the legal principles on which the ALJ relied is de novo, but "we are limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266–67 (11th Cir. 2015). "In social security cases where the ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision." *Id.* at 1267 (internal quotation marks omitted) (punctuation altered). And finally, our review "is the same as that of the district court, meaning we neither defer to nor consider any errors in the district court's opinion." *Id.* (citations and internal quotation marks omitted).

## III.

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). And this obligation is not extinguished by the presence or waiver of counsel on the part of the claimant. *Id.* Still, a lack of representation where the claimant did not waive counsel gives rise to a "special duty" to develop the record. *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982). Even so, "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).

In his briefs before us, Thomas makes a variety of assertions. He suggests that he did not actually waive his right to counsel. He claims that, even if he waived that right, the fact that he was unrepresented meant that the ALJ had a

5

"special duty" to develop the record with regard to the vocational expert, regardless of whether his lack of representation was voluntary. And he urges us to find that the ALJ failed in that duty when he did not inquire into the vocational expert's methods or data, and did not give Thomas an opportunity to cross-examine the expert. All this, Thomas argues, shows that the ALJ failed to adequately develop the record, and therefore remand is appropriate.

The exact contours of the duty owed by an ALJ to an unrepresented claimant constitute an interesting, even important, issue. But this is not the case to consider it, because none of the claims that Thomas properly raises before us is the reason his action fails. Whether or not Thomas waived his right to counsel, and whether or not he was owed a "special" or basic duty to develop the record, he has not shown that any of these failures have prejudiced him.

And showing prejudice is no trivial matter. In deciding whether a remand is justified, we "are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown*, 44 F.3d at 935. Thomas has made no such showing. His argument that he has suffered prejudice consists of his claim that, had the vocational expert "been properly questioned, the national [job] numbers finding in all likelihood would have proved defective and unreliable." And he argues that, had the vocational expert been "properly questioned and the methodology proved defective and the numbers unreliable, the Commissioner would have failed to meet its" burden. But that is conclusory. In *Smith v. Schweiker*, a social security claimant attempted to prove that his lack of counsel prejudiced him. 677 F.2d at 830. We rejected his argument when we found that

6

his "proffer of prejudice" amounted "to no more than speculations on ways in which an attorney could have bolstered his credibility before the ALJ." *Id.* Thomas has given us no reason to find that we should treat his own conclusory speculations any differently.[1]

And to the extent that Thomas raises a claim that the ALJ's findings are simply not supported by substantial evidence, we reject his argument as well. The substantial evidence standard is a deferential one—after all, "[s]ubstantial evidence is more than a scintilla, but less than a preponderance." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (quotation omitted). Here, Thomas challenges the ALJ's use of a vocational expert. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

Thomas gives us no reason to think that the vocational expert's testimony amounts to merely a scintilla. The only controlling case he brings to our attention in this regard is the Supreme Court's recent decision in *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019). It does not support his argument. In *Biestek*, the Court held that a vocational expert's refusal of a request for underlying data was *not* categorically sufficient to bar that expert's testimony from qualifying as substantial evidence.

---

[1] To the extent we read Thomas's brief to raise our holding in *Cowart v. Schweiker* in connection with his assertion that he was prejudiced, we note that, there, invalidation of the ALJ's decision was justified when there was no opportunity to examine or challenge reports submitted post-hearing, or to cross-examine the physicians who submitted those reports. 662 F.2d 731, 737 (11th Cir. 1981). Thomas has made no specific argument for why *Cowart*, with those facts, should control here.

*Id.* at 1157. In other words, the Court did *not* find that the vocational expert's testimony was inadequate, and it does not support us making that sort of a finding here.

## IV.

To support remand, it is not enough to say that, had the ALJ asked certain questions, the result could have been different. Thomas had to make an adequate showing of prejudice, and because he did not do so, we **AFFIRM** the district court's decision.