[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12771
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-01365-HNJ

LYNN CLARK,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 8, 2021)

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Lynn Clark appeals the district court's decision affirming the administrative

law judge's denial of her applications for disability insurance benefits and

supplemental social security income.  She contends that the Appeals Council erred by not adequately considering her new evidence of disability and by not showing in its written denial why her new evidence was not enough to change the outcome of her case.  But the Appeals Council does not need to provide a detailed rationale when rejecting new evidence, and the evidence was properly rejected here.  Clark also argues that she did not validly waive her right to counsel before the administrative law judge, but we disagree.  She knowingly and intelligently waived this right—and, in any event, she failed to show that she was prejudiced from not having counsel.  Because we agree that substantial evidence supported the administrative law judge's decision that Clark was not disabled, we affirm.

## I.

Lynn Clark applied for disability benefits in 2015, claiming that she was disabled because of post-traumatic stress disorder, depression, bipolar disorder, anxiety, and irritable bowel syndrome.  She alleged that she could not concentrate, remember basic things, interact with people, or pay attention because of her impairments.  After holding a hearing, the administrative law judge denied Clark's applications.  The administrative law judge explained that Clark's medical records showed that her impairments did not "meet or medically equal" the criteria for presumptive disability, and that she had the "residual functional capacity" to perform certain unskilled work.  Though Clark had a long history of stomach

issues and discomfort, her doctors never reported any significant limitations to her ability to stand or walk. And Clark's health records showed that her mental conditions were controlled by medication and therapy; in fact, her doctors routinely described her conditions as "mild to moderate in nature."

Clark requested review of this decision, and submitted additional treatment records to the Appeals Council that were not before the administrative law judge. The Appeals Council denied her request. It stated that some of her new evidence did not show a "reasonable probability" that it would change the outcome of the decision, and the rest of the evidence did not relate to the period at issue.

Clark then sought judicial review of the administrative law judge's decision pursuant to 42 U.S.C. § 405(g). After carefully considering the record, the district court affirmed the administrative law judge's decision.

This appeal followed.

## II.

Our review is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). We may not decide the facts anew, reweigh the evidence, or substitute our judgment for the Commissioner's. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). If the administrative law judge's decision is supported

3

by "such relevant evidence as a reasonable person would accept as adequate to support a conclusion," we must affirm. *Id.* (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)).

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Though the Appeals Council retains discretion to decline to review an administrative law judge's denial of benefits, the Appeals Council must consider evidence that is new, material, relates to the period on or before the hearing decision, and for which there is a reasonable probability that the additional evidence would change the outcome of the decision. *Id.*; 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). When the Appeals Council refuses to consider new evidence, we review its decision de novo. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015).

Clark contends that the administrative law judge's decision was not supported by substantial evidence, and that the Appeals Council erred by not considering her new evidence when declining review. We disagree on both fronts. To start, the Appeals Council was not required to provide a detailed rationale. We have already explained that the Appeals Council need not "provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell*, 771 F.3d at 783. Here, the Appeals Council stated that it had considered

4

Clark's new evidence and that this new evidence did not provide a basis for changing the decision because it was either unlikely to change the outcome or from the wrong time period. Under our precedent, that is the only explanation required. *Id.* at 784.

As far as the substance of that decision, we agree with the district court that this evidence was properly excluded. First, several of the new treatment records would not have changed the outcome of the administrative law judge's decision. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Indeed, some of the evidence actually reinforced the administrative law judge's decision; for example, Dr. Perry's examinations consistently revealed that Clark had a normal mood and affect, normal memory, and appeared active, alert, and oriented to time, place, and person. These records show that Clark routinely denied experiencing incontinence, and Dr. Perry observed no abnormalities in her psychiatric presentation.

Even the December 2017 letter from Dr. Adam Alterman was entitled to little or no weight. As the district court noted, the doctor's letter was inconsistent with other medical evidence, including the doctor's own treatment notes. For example, despite stating in the letter that Clark's "daily functions are severely limited by frequent bowel movements, up to 20-times daily, that may be sudden, urgent, without warning and sometimes result in fecal incontinence," Dr. Alterman's (and other's) treatment records revealed that Clark did not suffer any

5

abdominal pain and only intermittently complained of gastric symptoms. Similarly, Licensed Independent Clinical Social Worker Renee Bellew's opinion that Clark would be off task sixty percent of the time and needed to miss fifteen days of work a month conflicted with all of the evidence in the record that Clark consistently appeared oriented and stable. What's more, Bellew's assessment did not refer to any of Clark's medical records or otherwise explain how she reached her conclusions. Clark points to her March 2018 records from Advanced Imaging that showed that she had chronic "changes with minor hyperexpansion" and degenerative joint disease—but the administrative law judge noted her history of "minimal degenerative joint disease," and found that it did not constitute a severe impairment. The findings of her x-rays are largely normal, and do not undermine the administrative law judge's determination.

For the first time on appeal, Clark argues that the Appeals Council applied the wrong legal standard when it found that there was not a "reasonable probability"—instead of a "reasonable possibility"—that the new evidence would change the outcome of her case. She did not raise this argument in the district court, and we generally will not consider issues not passed on below. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Even so, Clark fails to show why applying this standard was error. The applicable regulations state that the Appeals Council will review a case if it receives additional evidence that is

6

new, material, chronologically relevant, and there is a "reasonable probability" that it will change the outcome of the decision.  20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).  The Appeals Council denied review of Clark's claim after those regulations became effective.  Though Clark generally asserts that "the recent rule changes do not apply to [her] claim," she points to no authority delaying implementation of the regulations.  Accordingly, this argument is both abandoned and without merit.

Clark also argues that the denial of benefits was not supported by substantial evidence once a new record—Dr. Doblar's physical capacities evaluation—is considered.  But Dr. Doblar's July 2018 examination did not relate to the period on or before the May 2018 decision.  Unlike in *Washington*, Dr. Doblar's assessment did not show that he relied upon or even reviewed any treatment records pertaining to the time before the administrative law judge's decision.  806 F.3d at 1322–23.  Accordingly, the assessment was not chronologically relevant, and the Appeals Council did not err in refusing to consider it.

Finally, we agree with the district court that substantial evidence supported the administrative law judge's determination that Clark was not disabled.  Clark's physicians repeatedly noted that she displayed a normal affect and mood, appeared oriented, and exhibited no unusual behavior.  In fact, Clark herself consistently reported that she maintained functionality and relationships.  Though she had a

long history of stomach issues and discomfort, her treatment records portrayed only mild to moderate limitations. Clark was still able to care for her eight-year-old son, prepare food, care for her cat, shop, drive, and attend graduate classes during the relevant period. Moreover, the administrative law judge found that Clark had the residual functional capacity to perform "light unskilled work" so long as it did not require complex procedures, climbing, or more than occasional stooping and crouching, and so long as she had reasonable access to restroom facilities. To sum up, none of the new evidence from the relevant time period was enough to overcome the substantial evidence that supported the administrative law judge's decision to deny Clark's applications. *Mitchell*, 771 F.3d at 782.

## III.

Clark also contends that she did not knowingly and intelligently waive her right to counsel, and that she suffered prejudice as a result. A claimant enjoys a waivable, statutory right to be represented by counsel during a hearing before an administrative law judge. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). To validly waive her right to counsel, a claimant must effectuate a waiver knowingly and intelligently. *See Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982). A claimant cannot knowingly and intelligently waive this right where she is not adequately informed of it, either in a prehearing notice or at her hearing. *Id.* To show that she was denied a full and fair hearing, a claimant must also show

8

prejudice. *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985). This at least requires showing that the administrative law judge did not have all of the relevant evidence from the record before him or did not consider all of the evidence in the record before reaching his decision. *Id.*

Prior to Clark's hearing, the Commissioner sent Clark multiple notices informing her of her right to representation. These notices explained the benefits of obtaining counsel and how the fee structure would work, and provided Clark with the names, addresses, and phone numbers of organizations offering pro bono legal services.

Then, on the day of her hearing, Clark signed a form indicating that she: 1) could read and understand the form's substance, 2) did not have any questions, 3) understood the benefits and disadvantages of representation, 4) understood how a representative would be paid, and 5) wished to proceed without representation during the hearing. Once the hearing started, the administrative law judge reminded Clark of her "one-time right to get a continuance, to get a representative or attorney to assist" her—but Clark confirmed that she wished to proceed without representation. Clark's assertions on appeal that she did not knowingly waive her right to counsel are belied by the record.

And even if Clark's waiver were invalid, she has not shown that she was prejudiced by not having counsel. The record shows that the administrative law

judge discharged his duty to develop a full and fair record.  He identified the medical records comprising Clark's file, asked her to prove a list of her medical appointments so they could track down the remaining records, and obtained treatment records from various medical centers.  Clark says that if she had been represented during the hearing, she would have submitted one of the records that was later submitted to the Appeals Council and would have obtained "all appropriate treatment records" so her record would be complete.  But—as we already discussed—the new evidence would not have changed the outcome of her case, and Clark does not point to any specific evidentiary gaps in her medical history or otherwise explain how the administrative law judge's alleged failure to develop the record prejudiced her. *Kelley*, 761 F.2d at 1540.

*    *    *

Because Clark validly waived her right to counsel during the administrative hearing and the Appeals Council did not err when denying Clark's request for review, the judgment of the district court is **AFFIRMED.**