[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12116

Non-Argument Calendar

_____

RENE MARTINEZ,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-00211-EJK

_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Rene Martinez appeals the district court's order affirming the Commissioner of the Social Security Administration's (the "Commissioner") denial of his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). He argues that the Administrative Law Judge ("ALJ") failed to provide an adequate explanation for discounting his testimony regarding his pain and limitations as inconsistent with the record. He further notes that his testimony was corroborated by the record and that the ALJ failed to address the factors provided in 20 C.F.R. § 416.929(c)(3) for evaluating his subjective testimony.

## I.

Because the Appeals Council declined to review the ALJ's decision denying Martinez's applications for disability benefits, we review the ALJ's decision as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the decision to determine whether it "is supported by substantial evidence and whether the correct legal standards were applied." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Doughty*,

245 F.3d at 1278 (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).

## II.

"An individual claiming Social Security disability benefits must prove that she is disabled." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Of relevance to this appeal, at the fourth sequential step, the ALJ formulates a "residual functional capacity" ("RFC") by considering a claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The RFC is the most a claimant can do despite her restrictions. *Id.* § 404.1545(a)(1). The ALJ examines all relevant medical and other evidence, including any statements about what the claimant can still do provided by medical sources and descriptions and observations by the claimant, her family, her neighbors, her friends, or others, of her limitations, including limitations resulting from pain. *Id.* § 404.1545(a)(3). A sedentary job classification, which involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools, is the lowest physical exertion requirement that an ALJ can assess in making a disability determination. *Id.* § 404.1567(a).

For a claimant to establish disability based on his own testimony of pain or other subjective symptoms, he must show: (1) evidence of an underlying medical condition, and (2) either objective

medical evidence that confirms the severity of the alleged pain arising from that condition, or that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "[I]n certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).

In evaluating the claimant's statements as to the intensity of his symptoms, the ALJ considers: the claimant's daily activities; the type, dosage, and effectiveness of medication; the claimant's treatment; and any conflicts between the claimant's statements and the evidence. *See* 20 C.F.R. § 416.929(c)(3). The ALJ must consider these factors in light of the other evidence in the record. *Id.* § 404.1529(c)(4). We will not disturb a clearly articulated credibility finding if supported by substantial record evidence. *Foote*, 67 F.3d at 1562. The ALJ is not required to discuss every piece of evidence, so long as the ALJ's decision is not a broad rejection and there is enough for us to conclude that the ALJ considered the medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *see also Jamison v. Bowen*, 814 F.2d 585, 588–90 (11th Cir. 1987) (explaining that our function is to ensure that the ALJ's decision "was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant

facts" (quoting *Parker v. Bowen*, 788 F.2d 1512, 1521 (11th Cir. 1986) (en banc)).

Where proof of a disability is based upon subjective evidence and a credibility determination is a critical factor in the decision, if the ALJ discredits the claimant's testimony as to his subjective symptoms, the ALJ must either explicitly discredit such testimony or the implication from the ALJ's opinion must be so clear as to amount to a specific credibility finding. *Foote*, 67 F.3d at 1562. A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. *Id.* But remand is not warranted unless an error shows "unfairness" or "clear prejudice." *Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991) (quoting *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)) (affirming the Commissioner's decision to deny DIB where the claimant was not adequately informed of her right to counsel because the Commissioner's decision was supported by substantial evidence appearing in the record as a whole and the claimant did not show that she was prejudiced by the error).

For example, in *Foote*, we determined that the ALJ had failed to make a sufficient explicit or implicit credibility finding in discrediting the claimant's testimony as to the extent of her pain and remanded to the district court for such a determination. 67 F.3d at 1562–63. In reaching this conclusion, we explained that a credibility finding was crucial to assessing the claimant's subjective complaints to determine her overall RFC. *Id.* at 1562. But, we explained, the ALJ had failed to identify any inconsistencies between

the claimant's statements to her physicians and those made on her application for disability benefits or at her administrative hearing, and no vocational expert was called to determine her realistic ability to find work. *Id.* at 1562. We further stated that the claimant's testimony that she could still cook and shop was insufficient support for the ALJ's conclusion that her pain was not disabling and that the ALJ had failed to consider the entire record, such as the fact that the claimant's pain was so great that she had trouble putting on her bra. *Id.* In *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), we also explicitly rejected the idea that participation in everyday activities with short duration, such as housework and fishing, automatically disqualifies a claimant from disability.

In this case, the ALJ's general statement that Martinez's testimony regarding the extent of his pain and limitations was inconsistent with the record failed to provide an explicit and adequate explanation for discrediting this testimony. Moreover, the implication as to Martinez's credibility was not obvious from the ALJ's opinion that merely summarized portions of the medical evidence showing mild to moderate test results, which were not necessarily inconsistent with Martinez's descriptions of his pain and limitations. And this error was not harmless, given that the ALJ found that Martinez was limited to sedentary work, the lowest job classification, and arguably the outcome may have been different had the ALJ not discredited Martinez's testimony.

Accordingly, we reverse the judgment of the district court and remand to the district court to vacate the Commissioner's

21-12116              Opinion of the Court                    7

decision and to remand to the Commissioner for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**