[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11977
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-00792-NPM

WAYNE LAND, JR.,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 8, 2021)

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Wayne Land appeals the district court's order affirming the Social Security Administration's ("SSA") partially favorable decision granting him disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to 42 U.S.C. § 405(g).  Land argues that the administrative law judge ("ALJ") failed to comply with Social Security Ruling 83-20 ("SSR 83-20"), *see* SSR 83-20, 1983-1991 Soc. Sec. Rep. Serv. 49 (Jan. 1, 1983), when the ALJ determined that he became disabled on September 23, 2016, rather than on an earlier date.[1]  Land asserts that, because the record was ambiguous and required an inference as to when his avascular necrosis condition became severe and rendered him disabled, SSR 83-20 required the ALJ to call a medical advisor to testify at the disability hearing.  Land further asserts that substantial evidence showed that he was disabled before September 23, 2016.

We review *de novo* the legal principles upon which the ALJ's decision is based, but the ALJ's factual findings are conclusive if supported by substantial evidence.  *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018);

---

[1] SSR 83-20 was rescinded by Social Security Ruling 18-01p ("SSR 18-01p") on October 2, 2018.  SSR 18-01p, 83 Fed. Reg. 49613, 49613 (Oct. 2, 2018).  However, because SSR 18-01p does not apply retroactively and the ALJ rendered her decision on February 5, 2018, SSR 83-20 applies.  *See id.* at 49616.

2

*Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Additionally, we review *de novo* the district court's determination as to whether the ALJ's decision was supported by substantial evidence. *Wilson*, 284 F.3d at 1221. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). We will deem the Commissioner's decision supported by substantial evidence even if the preponderance of the evidence weighs against it. *Id.* at 1158–59. However, we will not "affirm simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984). Moreover, an ALJ's decision is not supported by substantial evidence if she reached it by "focusing upon one aspect of the evidence and ignoring other parts of the record." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (reversing the denial of an application for SSI where the ALJ ignored objective medical evidence regarding the applicant's physical condition and disregarded the vocational expert's testimony). And we will not decide the facts anew, make credibility determinations, or reweigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

The ALJ has a duty to develop a full and fair record whether or not the claimant is represented by counsel, although we have stated that the ALJ has "a

3

special duty when an unrepresented claimant unfamiliar with hearing procedures appears before [her]." *Cowart v. Schweiker*, 662 F.2d 731, 735–37 (11th Cir. 1981) (quoting *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981)) (determining that the ALJ failed to adequately develop the record where he did not ask the *pro se* claimant's husband any questions about the claimant's condition, elicit testimony or make findings regarding adverse effects of the claimant's prescribed medications, discuss the jobs that the claimant was capable of performing, or specify what weight he gave each piece of evidence). This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart*, 662 F.2d at 735). In addition, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179.

In determining whether it is necessary to remand a case for development of the record, we consider "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (quoting *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)). Accordingly, a claimant must show that she was prejudiced in order to prevail on a claim that the record was inadequately developed. *Id.*

An individual seeking SSI must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). In order to determine whether a claimant is

4

disabled, the ALJ applies a five-step sequential analysis. *See* 20 C.F.R. §§ 404.1520, 416.920. This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a listed impairment and meets the duration requirements; (4) can perform her past relevant work, in light of her residual functional capacity ("RFC"); and (5) can make an adjustment to other work, in light of her RFC, age, education, and work experience. *Id.* §§ 404.1520(a)(4), 416.920(a)(4).

The second step of the sequential analysis requires the ALJ to consider, as a threshold matter, "the medical severity of [the claimant's] impairment(s)." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1264-65 (11th Cir. 2019) (alteration in original) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)). An impairment or combination of impairments is not severe if it does not significantly limit the claimant's ability to perform "basic work activities," which include walking, standing, sitting, lifting, pushing, and pulling. *Id.* at 1265 (quoting 20 C.F.R. § 404.1522(a)). "[A]n 'impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Id.* (quoting *McDaniel v.* Bowen, 800 F.2d 1026, 1031 (11th Cir.

1986)).  Although the claimant bears the burden to establish that an impairment is severe, that burden is "mild."  *Id.* (quoting *McDaniel*, 800 F.2d at 1031).

In determining whether a claimant is disabled, the ALJ considers all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with objective medical evidence.  20 C.F.R. §§ 404.1529(a)(1), 416.929(a)(1).  Once a claimant establishes that his pain or other subjective symptoms are disabling, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability."  *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  The ALJ will also consider a number of other factors, including the claimant's work history, his daily activities, and treatment or other measures taken to alleviate pain or other symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Social security rulings are binding on the SSA.  *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1324 n.12 (11th Cir. 2020).  Although we are not bound by such rulings, we afford them deference.  *Id.*  SSR 83-20 provides that, in addition to determining whether the claimant is disabled, the ALJ must determine the onset date of a claimant's disability.  SSR 83-20, 1983-1991 Soc. Sec. Rep. Serv. 49.  It explains that the ALJ should consider a claimant's allegations, work history, and medical and other evidence in making this determination.  *Id.*  It clarifies, however,

6

that allegations and work stoppage are only significant if they are consistent with the severity of the claimant's condition as shown by the medical evidence, which "serves as the primary element in the onset determination." *Id.*

In a section titled "Onset in Disabilities of Nontraumatic Origin," SSR 83-20 explains that, in the case of slowly progressing impairments where it is impossible to obtain medical evidence regarding the precise onset date or where the alleged onset date is far in the past, "it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process." *Id.* In a separate section titled "Precise Evidence Not Available—Need for Inferences," SSR 83-20 further explains that:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred.

*Id.* The section then states that "[t]he available medical evidence should be considered in view of the nature of the impairment" and that "[t]he onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in [substantial gainful activity] for a continuous period of at least 12 months or result

7

in death." *Id.* As an example, the ruling provides a scenario involving a claimant who alleged that he became unable to work on April 13, 1979, and submitted only one piece of medical evidence, which was dated January 23, 1980, which required the ALJ to infer an onset date based in part on information obtained from the claimant's employer and testimony from the claimant's physician. *Id.*

Here, we find that the ALJ complied with SSR 83-20 and her decision was supported by substantial evidence. SSR 83-20's rule regarding the calling of a medical advisor did not apply because the record included several years of medical evidence documenting Land's impairments and treatment leading up to September 23, 2016. Even if SSR 83-20's rule applied, the ALJ was not required to call a medical advisor because the record was adequately developed. Moreover, substantial evidence supported the ALJ's determination that Land's avascular necrosis became severe on September 23, 2016, even though it had been diagnosed before that time. Accordingly, we affirm.

**AFFIRMED.**